IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERYL JAN MILNER,

    Plaintiff,

v.                                                     No. 2:23-cv-00840-JHR[1]

ROMAN CATHOLIC DIOCESE OF LAS CRUCES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT

Plaintiff is proceeding *pro se*. The Complaint names 14 Defendants and contains allegations regarding events occurring from 1967 to the present in New Mexico, Texas, Oklahoma, Florida, Illinois, Canada, Germany, and the United Kingdom. Plaintiff asserts the Court has jurisdiction over this matter pursuant to: (i) 34 U.S.C. §217; (ii) 18 U.S.C. §§ 1962, 1965-1967 Racketeer Influenced and Corrupt Organizations; (iii) 18 U.S.C. § 1343 Fraud by wire, radio, or television; (iv) 15 U.S.C. §§ 805-808; (v) 28 U.S.C. § 1343[(a)](3), Civil rights and elective franchise; and 42 U.S.C. § 1983, Civil action for deprivation of rights. *See* Complaint at 4.

The Complaint fails to state a claim against upon which relief can be granted against many of the Defendants. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 4, filed September 27, 2023. Plaintiff has paid the filing fee. *See* Doc. 3, filed September 27, 2023. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Complaint fails to clearly explain what *each* Defendant did to Plaintiff, when *each* Defendant did it, and what specific legal right Plaintiff believes *each* defendant violated. Consequently, those claims against Defendants should be dismissed.

**34 U.S.C. §217 and 15 U.S.C. §§ 805-808**

Plaintiff indicates the Court has jurisdiction pursuant to 34 U.S.C. §217 and 15 U.S.C. §§ 805-808. *See* Complaint at 4. Plaintiff has not quoted these statutes, and the Court was unable to find them. Plaintiff has not, therefore, stated a claim pursuant to 34 U.S.C. §217 and 15 U.S.C. §§ 805-808.

**18 U.S.C. § 1343 Fraud by wire, radio, or television**

The Complaint fails to state a claim pursuant to 18 U.S.C. § 1343 Fraud by wire, radio, or television, because Section 1343 is a criminal statute. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**18 U.S.C. §§ 1962, 1965-1967 Racketeer Influenced and Corrupt Organizations ("RICO")**

The Complaint fails to state civil RICO claims because: (i) it does not identify which Defendants Plaintiff is asserting RICO claims against; and (ii) it does not allege sufficient facts to support civil RICO claims against each Defendant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's

complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

### 28 U.S.C. § 1343(a)(3), Civil rights and elective franchise

Section 1343(a)(3) states:

**(a)** The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
. . . .

**(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

28 U.S.C. § 1343(a)(3).  The Complaint fails to state a claim pursuant to 28 U.S.C. § 1343(a)(3) because Section 1343 is a jurisdictional statute.  Section 1343 only provides jurisdiction over civil actions for deprivations of rights under color of state law; it does not provide a remedy as does 42 U.S.C. § 1983 which is discussed below.  *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").

### 42 U.S.C. § 1983, Civil action for deprivation of rights

Section 1983 states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law."  *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  The Complaint fails to state Section 1983 claims because:

(i) it does not identify the specific federally protected right Defendants allegedly deprived Plaintiff of; and (ii) Plaintiff states for each Defendant that she does not believe "defendant was acting under color of state law." Complaint at 1-3.

**Statute of Limitations**

It appears that many of Plaintiff's claims are barred by statutes of limitations. *See, for example, Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"). Plaintiff acknowledges that certain claims "may not be actionable due to the passage of time. However, there is no statute of limitations on murder." Complaint at 4. Under federal law, murder is a criminal offense and, as noted above, Plaintiff, as a private citizen, cannot bring a civil action for murder. *See generally* 18 U.S.C. § 1111 *et seq.*

**Order for Amended Complaint**

Most, perhaps all, of the claims in the Complaint should be dismissed for failure to state a claim. The Court orders Plaintiff to file an amended complaint. The amended complaint must clearly explain what each Defendant did to Plaintiff, when each Defendant did it, and what specific right Plaintiff believes each Defendant violated. *See Howl v. Alvarado*, 783 Fed.Appx. 815, 817-18 (10th Cir. 2019) (a complaint must give "enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'" (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))).

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the

*Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules"). Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**