IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERYL JAN MILNER,

    Plaintiff,

v.                                            No. 2:23-cv-00840-DHU-JHR

ROMAN CATHOLIC DIOCESE OF LAS CRUCES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed a Complaint that names 14 Defendants and contains allegations regarding events occurring from 1967 to the present in New Mexico, Texas, Oklahoma, Florida, Illinois, Canada, Germany, and the United Kingdom. *See* Doc. 1, filed September 27, 2023. Plaintiff asserted the Court has jurisdiction over this matter pursuant to: (i) 34 U.S.C. §217; (ii) 18 U.S.C. §§ 1962, 1964-1967 Racketeer Influenced and Corrupt Organizations; (iii) 18 U.S.C. § 1343 Fraud by wire, radio, or television; (iv) 15 U.S.C. §§ 805-808; (v) 28 U.S.C. § 1343[(a)](3), Civil rights and elective franchise; and 42 U.S.C. § 1983, Civil action for deprivation of rights. *See* Complaint at 4.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff:

> The Complaint fails to state a claim upon which relief can be granted against many of the Defendants. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Complaint fails to clearly explain what *each* Defendant did to Plaintiff, when *each* Defendant did it, and what specific legal right Plaintiff believes *each* defendant violated. Consequently, those claims against Defendants should be dismissed.

**34 U.S.C. §217 and 15 U.S.C. §§ 805-808**

Plaintiff indicates the Court has jurisdiction pursuant to 34 U.S.C. §217 and 15 U.S.C. §§ 805-808. *See* Complaint at 4. Plaintiff has not quoted these statutes, and the Court was unable to find them. Plaintiff has not, therefore, stated a claim pursuant to 34 U.S.C. §217 and 15 U.S.C. §§ 805-808.

**18 U.S.C. § 1343 Fraud by wire, radio, or television**

The Complaint fails to state a claim pursuant to 18 U.S.C. § 1343 Fraud by wire, radio, or television, because Section 1343 is a criminal statute. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**18 U.S.C. §§ 1962, 1965-1967 Racketeer Influenced and Corrupt Organizations ("RICO")**

The Complaint fails to state civil RICO claims because: (i) it does not identify which Defendants Plaintiff is asserting RICO claims against; and (ii) it does not allege sufficient facts to support civil RICO claims against each Defendant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

**28 U.S.C. § 1343(a)(3), Civil rights and elective franchise**

Section 1343(a)(3) states:

> **(a)** The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> . . . .
>
> **(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

28 U.S.C. § 1343(a)(3). The Complaint fails to state a claim pursuant to 28 U.S.C. § 1343(a)(3) because Section 1343 is a jurisdictional statute. Section 1343 only provides jurisdiction over civil actions for deprivations of rights under color of state law; it does not provide a remedy as does 42 U.S.C. § 1983 which is discussed below. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights,

privileges, or immunities secured by the Constitution by any person acting under color of state law").

## 42 U.S.C. § 1983, Civil action for deprivation of rights

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). The Complaint fails to state Section 1983 claims because: (i) it does not identify the specific federally protected right Defendants allegedly deprived Plaintiff of; and (ii) Plaintiff states for each Defendant that she does not believe "defendant was acting under color of state law." Complaint at 1-3.

## Statute of Limitations

It appears that many of Plaintiff's claims are barred by statutes of limitations. *See, for example, Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims"). Plaintiff acknowledges that certain claims "may not be actionable due to the passage of time. However, there is no statute of limitations on murder." Complaint at 4. Under federal law, murder is a criminal offense and, as noted above, Plaintiff, as a private citizen, cannot bring a civil action for murder. *See generally* 18 U.S.C. § 1111 *et seq.*

## Order for Amended Complaint

Most, perhaps all, of the claims in the Complaint should be dismissed for failure to state a claim. The Court orders Plaintiff to file an amended complaint. The amended complaint must clearly explain what each Defendant did to Plaintiff, when each Defendant did it, and what specific right Plaintiff believes each Defendant violated. *See Howl v. Alvarado*, 783 Fed.Appx. 815, 817-18 (10th Cir. 2019) (a complaint must give "enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'" (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))).

Order for Amended Complaint at 1-4, Doc. 6, filed October 2, 2023.

Plaintiff filed an Amended Complaint which, with a few exceptions, is largely identical to the original Complaint.  *See* Doc. 7, filed October 20, 2023.  Unlike the original Complaint, the Amended Complaint does not contain a caption listing the Defendants and does not assert the Court has jurisdiction pursuant to 42 U.S.C. § 1983.  The Amended Complaint contains some new allegations and makes minor revisions to the allegations in the original Complaint.  The new and revised allegations, however, do not remedy the deficiencies in the original Complaint identified by Judge Ritter.  Consequently, the Amended Complaint fails to state claims pursuant to federal law for the same reasons the original Complaint failed to state federal law claims.

Plaintiff attached 52 exhibits to the Amended Complaint. The Court will not review the attached documents to determine whether Plaintiff can state a claim upon which relief can be granted.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

The Court dismisses Plaintiff's federal law claims for failure to state a claim.  Having dismissed all of Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismisses this case without prejudice.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE**